UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KAYTE L. P.,

     Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

No. 4:18-CV-05006-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

     Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 16. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

# I.    JURISDICTION

Plaintiff filed her application for Supplemental Security Income benefits on April 14, 2014. AR 15, 144-59. Her alleged onset date of disability is January 1, 2012. *Id*. Plaintiff's application was initially denied on June 28, 2014, AR 15, 74-75, and on reconsideration on September 25, 2014, AR 15, 86-87.

A hearing with Administrative Law Judge ("ALJ") Mary Gallagher Dilley occurred on August 3, 2016. AR 15, 36-62. On February 24, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-30. The Appeals Council denied Plaintiff's request for review on November 30, 2017, AR 4, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on January 5, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.    SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 21 years old on the date the application was filed. AR 28. She has limited education. *Id*. Plaintiff is able to communicate in English. *Id*. Plaintiff has no past relevant work. AR 28.

## V.    THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act since January 14, 2014, the date the application was filed. AR 15, 30.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the filing of her application on April 14, 2014 (citing 20 C.F.R. § 416.971 *et seq*.). AR 17.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: obesity; MTHFR mutation; anxiety disorder; and fibromyalgia (citing 20 C.F.R. § 416.920(c)). *Id*.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§§ 416. 920(d), 416.925 and 416.926). *Id*.

**At step four**, the ALJ found that Plaintiff has the following residual functional capacity: She can perform sedentary work as defined in 20 C.F.R. § 416. 967(b) except that she can lift/carry 10 pounds occasionally and less than 10 pounds frequently; stand/walk for three hours at a time in an eight-hour workday; sit for six hours in an eight-hour workday; she can occasionally climb ladders, ropes or scaffolds; she can frequently balance, stoop, kneel, crouch or crawl perform simple routine tasks with no contact with the public and occasional contact with coworkers. AR 20.

The ALJ determined that, through the date last insured, Plaintiff had no past relevant work. AR 28.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can have perform. AR 29-30. These include, assembler, escort vehicle driver, and document preparer. AR 29.

## VI.    ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly weighing the medical opinion evidence; (3) improperly discrediting lay witness testimony; (4) failing to include severe impairments at step two; and (5) erring at step five of the sequential evaluation.

## VII.    DISCUSSION

### A. The ALJ Properly Discounted Plaintiff's Credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject

the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 28. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 28-31.

**1. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistencies with the medical evidence.**

First, the ALJ also noted multiple inconsistencies with the medical evidence. AR 22-23. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is

contracted by medical evidence. *Carmickle*, 533 F.3d at 1161. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

### a. The medical evidence does not support the level of physical impairment claimed by Plaintiff.

Plaintiff alleges completely disabling physical impairments that render her incapable of performing work activities. AR 18-20. However, this allegation is contradictory to the medical evidence in the record. For example, In March 2014, upon examination, Plaintiff had normal findings but was found to be "deconditioned." AR 22, 401-02. Her range of motion, as well as her strength and reflexes in major muscle groups were all within normal limits. *Id.* At an office visit in July, again mostly normal findings, with the exception of obesity. AR 22, 399-403. In February 2016, she had another normal consultative examination, with the exception of subjective complaints regarding joint pain. AR 22, 396. And in March 2016, upon physical examination, Plaintiff had no abnormalities. AR 23, 476-77.

These benign findings suggest Plaintiff's physical impairments are not as debilitating as alleged. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision,

the conclusion must be upheld"). As such, the ALJ reasonably found that Plaintiff's allegations of debilitating physical limitations during the relevant time period are inconsistent with the medical evidence.

### b. The medical evidence does not support the level of mental impairment claimed by Plaintiff.

Plaintiff also alleges completely debilitating mental limitations. AR 18-20. Again, the ALJ found Plaintiff's subjective complaints in conflict with the objective medical evidence. AR 20-22. For example, Plaintiff had a normal psychiatric examination in September 2013. AR 23, 377. A psychiatric evaluation in October 2013, produced mostly benign findings, including normal thought process and content, orientation, perception, concentration, and fund of knowledge. AR 23, 261. Further, Plaintiff presented to most psychological examinations in the record with good hygiene, well-groomed, wearing appropriate clothing, and showing good affect as well as good eye contact. AR 19, 294-296, 297-301, 341.

These benign findings suggest Plaintiff's mental impairments are not as debilitating as alleged. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). As such, the ALJ reasonably found that Plaintiff's allegations of debilitating limitations during the relevant time period are

inconsistent with the medical evidence. As such, the ALJ reasonably found that Plaintiff's allegations of debilitating mental limitations during the relevant time period are inconsistent with the medical evidence.

### 2. The ALJ properly discredited Plaintiff's subjective complaints due to her activities of daily living.

Next, the ALJ found that Plaintiff's allegations of completely disabling limitations were belied by her actual level of activity. AR 19. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ noted that several of Plaintiff's activities of daily living during the relevant time period do not correlate to the level of impairment she asserts. AR 21. These activities include performing house work such as vacuuming, washing dishes, washing laundry, and cleaning her room. AR 21, 184. She could manage her personal finances, take classes through the American High School Home School program, AR 19, 258, and enjoyed playing "role playing games," reading, playing card games, walking in parks, swimming, drawing and painting, baking, playing tennis and using a computer. AR 19, 183-84, 491. Thus, the ALJ

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

reasonably found that Plaintiff's daily activities throughout the relevant time period contradict her allegations of total disability.

The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). . The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

### 3. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistency with treatment.

In addition to the above reasons, the ALJ found that Plaintiff's allegations of disabling limitations are inconsistent with the level of treatment she sought during the relevant time period. AR 24-25. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment … can cast

doubt on the sincerity of [a] claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ pointed to multiple instances of Plaintiff's success with treatment. AR 24-25. For example, in June 2016, Plaintiff reported no depression or sleep disturbances. AR 24, 443. She also had good judgment and mood, and normal memory. *Id.* In October 2013, and August 2016, Plaintiff reported that she was not taking psychiatric medications. AR 24-25, 257, 485. The ALJ also pointed to Plaintiff's noncompliance with certain treatments including failure to attend physical therapy and an inability to maintain a gluten-free diet. AR 23, 442, 496.

The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Here, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse credibility finding. The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ Properly weighed the medical opinions.**

**1. Legal standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830 (as amended). A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than

his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### 2. Examining Physician, Jan Kouzes, Ed.D.

In May 2012, Dr. Kouzes opined that Plaintiff was markedly impaired in her ability to communicate and perform effectively in a work setting; perform activities within a schedule; set realistic goals; maintain appropriate behavior; and complete a normal workday without interruptions. AR 27, 270-301. Dr. Kouzes provided a nearly identical opinion in November 2012. AR 27, 299.

The ALJ did not completely reject Dr. Kouzes opinion, but afforded the opinion only little weight. AR 23, 27. The ALJ provided multiple valid reasons supported by the record for discounting this opinion. First, Dr. Kouzes opinions

were based only on those two examinations. AR 27. Dr. Kouzes did not review

Plaintiff's medical records or personal history, thus, her opinion was cabined to

those two interactions with Plaintiff. *Id*.

The ALJ also noted that Dr. Kouzes' findings were not consistent with

Plaintiff's examinations. AR 27. Both mental status examinations were within

normal limits, with the exception of Plaintiff's mood, effect, and subjective

complaints. AR 27, 271-71, 300-01. An ALJ may discount a medical opinion that

is not consistent with the doctor's recorded observations. *Bayliss*, 427 F.3d at

1216.

Next, the ALJ noted that Dr. Kouzes opinions were based largely on

Plaintiff's subjective complaints. *Id*. An ALJ may discount even a treating

provider's opinion if it is based largely on the claimant's self-reports, and the ALJ

finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir.

2014).

When the ALJ presents a reasonable interpretation that is supported by the

evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853,

857. The Court "must uphold the ALJ's findings if they are supported by inferences

reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

*Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one

rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Kouzes' opinion.

### 3. Examining physician, Tae-Im Moon, Ph.D.

Dr. Moon is an examining doctor who completed evaluations for the Department of Social Health Services ("DSHS") in October 2013. AR 27, 257-61. Dr. Moon opined that Plaintiff had significant limitation in her ability to perform activities within a schedule, maintain regular attendance, communicate and perform effectively in a work setting, complete a normal work day, and set realistic goals. AR 27, 257-61. He further indicated that Plaintiff was mildly limited in following simple instructions. *Id.* All of Dr. Moon's findings were based on a single examination with Plaintiff. *Id.*

The ALJ did not reject Dr. Moon's opinion but did afford the opinion less weight. AR 27. The ALJ provided multiple valid reasons supported by the record for discounting this opinion. *Id.* For example, Dr. Moon's examination was based on one examination, during which Plaintiff presented unremarkable findings. AR 27, 257-61. The ALJ also noted that Dr. Moon's opinion was not consistent with his own findings during the examination. AR 27, 260-61. An ALJ may discount a medical opinion that is not consistent with the doctor's recorded observations. *Bayliss*, 427 F.3d at 1216.

The ALJ further notes that Dr. Moon's findings were not consistent with other objective medical evidence in the record. AR 27. For instance, although Dr. Moon opined Plaintiff's memory was not within normal limits, however, such findings were not consistent with other exams. AR 27, 413-15, 469-74. Further, Dr. Moon found marked limitation in Plaintiff's ability to communicate. AR 27, 257-61. This opinion was conflicting with that of Dr. Darlington, who found only mild limitations with regard to Plaintiff's speech, tone, rate, and stream of thought. AR 27, 413. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Moon's opinion.

//

//

### 4. DHDS physicians, Faulder Colby, Ph.D. and Aaron Burdge, A.R.N.P.

On behalf of the DSHS, Dr. Colby and Dr. Burdge reviewed Plaintiff's DSHS evaluations. Although the ALJ did not specifically discuss the doctor's opinions, she did discuss the content of the opinions. In October 2013, and March of 2014, Dr. Colby and Dr. Burdge reviewed the opinions of Dr. Moon and Dr. Hipolito, which were discussed by the ALJ, AR 24, 27, 263, and assigned less weight. AR 263-67, 287-89. As such, the ALJ did not err by not directly discussing Dr. Colby's and Dr. Burdge's opinion.

### 5. DDS physician, Bruce Eather, Ph.d. and DDS physician, Dan Donohue, Ph.d.

The ALJ assigned partial weight to the opinions of state agency psychological consultants, Dr. Eather and Dr. Donohue. AR 28. In June and September of 2014, respectively, Dr. Donohue and Dr. Eather opined the Plaintiff was moderately limited in her ability to maintain attention and concentration, in ability to perform activities within a schedule, and in ability to complete a normal workday or workweek without interruption. AR 28, 67-72, 80-85. Neither doctor personally examined Plaintiff, but both supported their opinions with citations to the record.

The ALJ gave only partial weight to the opinions based on a lack of support for their limitations on Plaintiff's interaction with supervisors as Plaintiff has stated

that she has no difficulties with authority figures. AR 28, 188. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Further, an ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Eather's and Dr. Donahue's opinions.

### 6. Examining physician, Erin Darlington, Ph.D.

In February 2016, Dr. Darlington opined that Plaintiff had significant limitations in her ability to perform activities within a schedule and complete a workday without interruptions, 26-27, 413, limited in her ability to adapt to changes and maintain appropriate behavior in a workplace.

The ALJ assigned partial weight to Dr. Darlington's opinion. The ALJ discounted Dr. Darlington's opinion because it was not consistent with the

objective findings during the exam. AR 26-27. An ALJ may discount a medical opinion that is not consistent with the doctor's recorded observations. *Bayliss*, 427 F.3d at 1216.

Further, the ALJ noted that Dr. Darlington's findings were based largely on Plaintiff's subjective complaints, which the ALJ discredited. AR 26-27. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports, and the ALJ finds the claimant not credible. Ghanim, 763 F.3d at 1162.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Darlington's opinion.

### 7. Treating physician, Hazel Gavino, M.D.

In July 2016, Dr. Gavino submitted two medical source statements, eleven days apart. Dr. Gavino's two statements were vastly different and inconsistent.

A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216. As such, the ALJ assigned little weight to the opinions of Dr. Gavino. AR 25. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Gavino's opinions.

### 8. Treating physician Lindsey Bell, N.D.

The ALJ assigned little weight to Plaintiff's naturopathic doctor Lindsey Bell. AR 24. In July 2016, Ms. Bell indicated that Plaintiff's condition would deteriorate if she were to work on a regular basis. AR 25, 428-430. Ms. Bell also opined that Plaintiff had several tender points, anxiety in public places, and was

incapable of lifting a maximum of 10 pounds. *Id.* However, many of Ms. Bell's findings are unsupported by explanations of any kind. AR 25.

The ALJ determined Ms. Bell's opinion should be assigned little weight because Ms. Bell is not an acceptable medical source for establishing impairments, it was largely speculative and provided an inadequate basis, it was contrary to other findings in the record. An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). As Ms. Bell provided no explanation for the opined limitations, this is a valid reason for assigning the opinion little weight.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Ms. Bell's opinions.

**C. The ALJ Properly weighed the lay witness testimony.**

The opinion testimony of Plaintiff's mother, Kelin Packer, falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

In July 2016, Plaintiff's mother prepared a statement in support of the disability claim. AR 22, 236-37. Ms. Packer stated that Plaintiff had been in counseling since 2001, and that Plaintiff experienced severe side effects from medication including night terrors, seizures and sleeplessness. *Id.* However, Ms. Packer indicated that severe side effects subsided once Plaintiff began seeing a doctor who focused on more "natural stuff." *Id.* She also provided anecdotal evidence of one of Plaintiff's panic attacks that she witnessed. *Id.* The ALJ assigned partial weight to Ms. Packer's statement because she lacked the

objectivity of a medically-trained professional. AR 25. However, the ALJ did note that her statement was consistent with Plaintiff's allegations and provided background information on Plaintiff's treatment prior to the alleged disability period.

Ms. Packer's statement is based largely on Plaintiff's subjective complaints, that were properly discredited, rather than objective medical evidence. AR 34. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports, and the ALJ finds the claimant not credible. Ghanim, 763 F.3d at 1162. The Court finds the ALJ properly provided germane reasons for rejecting Ms. Packer's statement.

**D. The ALJ Did Not Err at Step Two of the Sequential Evaluation Process.**

Plaintiff contends that the ALJ erred by failing to find that she had several additional severe impairments at step two of the five-step sequential evaluation process. ECF No. 12 at 15-16.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting

SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

Under step two, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding her symptoms. 20 C.F.R. §§ 404.1508, 416.908.

In total, Plaintiff alleges that the ALJ failed to incorporate 19 severe impairments in her step two determination including but not limited to, red and watery eyes, stuffy nose, vitamin B deficiency, vitamin D deficiency, social phobia, and headaches. Plaintiff's one-page argument on the matter is little more

than list of impairments and citations to the record. Thus, the ALJ did not err in not finding migraines to be a severe impairment at step two. Absent proof of limitations affecting Plaintiff's ability to perform basic work activities an impairment is not considered severe. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). Thus, the ALJ did not err in not finding this to be a severe impairment at step two.

Furthermore, because Plaintiff was found to have at least one severe impairment, this case was not resolved at step two. Thus, any error in the ALJ's finding at step two is harmless, if all impairments, severe and non-severe, were considered in the determination Plaintiff's residual functional capacity. *See Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an impairment in step two is harmless error where the ALJ includes the limitations of that impairment in the determination of the residual functional capacity). While Plaintiff argues that the ALJ erred by failing to find additional impairments severe at step two, Plaintiff does not describe any additional limitations that were not included by the ALJ in assessing her residual functional capacity. Here, the ALJ specifically noted that she considered *all symptoms* in assessing the residual functional capacity. AR 22 (emphasis added). The ALJ accounted for Plaintiff's

symptoms when limiting her to a limited form of sedentary work, including additional limitations in moving and bending, and additional limitations in physical functioning, mental functioning, following directions, and contact with other people. AR 21-22. Accordingly, the Court finds the ALJ did not err in the step two analysis, and if any error did occur it was harmless.

**E. The ALJ Did Not Err at Step Five of the Sequential Evaluation Process.**

Plaintiff briefly argues that the resulting step five finding did not account for all of her limitations. The Court disagrees. Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work available in significant numbers in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran,* 676 F.3d at 1206. If the limitations are non-exertional and not covered by the grids, a vocational expert is required to identify jobs that match the abilities of the claimant, given [his] limitations." *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995).

Plaintiff argues that the hypothetical the ALJ provided to the vocational expert based on Plaintiff's assessed residual functional capacity was incomplete

because it did not specifically address every limitation suggested by Plaintiff. However, the ALJ noted that she considered *all symptoms* in assessing the residual functional capacity. AR 20 (emphasis added). The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ's determination is supported by the opinions of the medical sources. An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding her symptoms. 20 C.F.R. §§ 404.1508, 416.908.

Here, the ALJ's residual functional capacity findings properly incorporated the limitations identified by medical and other sources. Thus, the ALJ properly assessed Plaintiff's severe impairments, limitations, and residual functional capacity. The ALJ properly framed the hypothetical question addressed to the vocational expert and, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of Plaintiff, given her limitations. Thus, the Court finds the ALJ did not err at step five of the sequential evaluation process.

# VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 1st day of April, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge